*333 OPINION OF THE COURT
Per Curiam.
Joseph Nicholas Rizzo, Jr. has submitted an affidavit dated January 4, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Rizzo was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 7, 1975.
Mr. Rizzo is currently the subject of an investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee). The investigation has revealed, inter alia, that from in or about January 2011 through in or about August 2011, Mr. Rizzo was entrusted with funds belonging to clients Joshua Smith, Frank Doka, and Paula J. Ohlmann in connection with real estate transactions, which funds were to be held in escrow. During that time, Mr. Rizzo failed in his obligation to properly maintain and preserve at least $80,000 of those funds. Mr. Rizzo has submitted an affidavit of resignation, dated January 4, 2012, wherein he avers that he would not be able to successfully defend himself on the merits against charges predicated upon the foregoing.
Mr. Rizzo further acknowledges that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including the fact that he is barred from seeking reinstatement for a minimum period of seven years.
Finally, Mr. Rizzo avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyer’s Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d), and he specifically waives his opportunity pursuant to Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.
The Grievance Committee recommends that the Court accept Mr. Rizzo’s resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.
Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective *334 immediately, Mr. Rizzo is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
Mastro, A.P.J., Rivera, Skelos, Dillon and Florio, JJ., concur.
Ordered that the resignation of Joseph Nicholas Rizzo, Jr. is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph Nicholas Rizzo, Jr. is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that Joseph Nicholas Rizzo, Jr. shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph Nicholas Rizzo, Jr. is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if Nicholas Joseph Rizzo, Jr. has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).